OPINION OF THE COURT
Lawrence E. Kahn, S.
In this proceeding, petitioner, the former daughter-in-law of decedent, requests that respondent, the surviving spouse of decedent, be required to produce decedent’s purported last will and testament, or in the alternative, disclose the whereabouts of such will if she knows of it. Petitioner is also the mother of Andrew Aberman and Steven Aberman, grandchildren of decedent and respondent. Petitioner’s former husband is still living, and therefore, their issue are not distributees of decedent. Nor is petitioner, as decedent’s former daughter-in-law, a distributee of decedent.
There is another action presently pending in Albany County Supreme Court, wherein petitioner, as mother and natural guardian of Andrew Aberman and Steven Aberman, infants under the age of 18 years, names respondent herein both *852 personally and as fiduciary of decedent’s estate, as defendants. Court records show that respondent has not applied for nor been appointed fiduciary in her husband’s estate. To date, there has been no estate administration for this decedent.
In the original petition duly sworn to and verified by petitioner on November 22, 1978, petitioner states that "I have attempted to locate a Last Will and Testament and have not found any.” She also alludes to the fact that she thinks her children may have received a legacy under this purported last will and testament and that therefore, acting in their behalf, she is requesting that the document be produced for discovery and offered for probate. Yet uncontradicted facts have since been presented which establish that petitioner and/or her attorney did in fact possess extensive knowledge of the contents of the decedent’s purported last will and testament. A copy of the purported last will and testament is annexed to the affidavit in opposition, and apparently is also part of the record in the pending Supreme Court action. Perusal thereof, indicates without a doubt, that neither petitioner nor her children receive any legacy under this document, contrary to the assertions in the verified petition. Had this entire factual situation been set forth in the petition, the order to show cause would not have been issued.
There is no standing by petitioner, either in her individual capacity or as representative of her infant children, to compel production of the purported last will and testament. Petitioner relies on SCPA 1402 (subd 1, par [c]) which states that a petition for probate of the will may be presented by any party to an action, brought or about to be brought, in which action the decedent, if living, would be a party. However, this section does not salvage petitioner’s position nor confer standing to compel production of the purported will. The Supreme Court action commenced by petitioner relates to possession of certain real property held by decedent and respondent as tenants by the entirety. Upon the death of decedent, title to the premises passed by operation of law to respondent. Such property is not part of decedent’s estate and would not be affected by the probate of his purported last will and testament. The mere naming of the estate as a party to the Supreme Court action does not enable petitioner to circumvent the requirement of a cognizable, real interest in the estate of decedent in order to have standing to compel production of the purported document in question.
*853 Upon oral argument of this motion, mention was made as to the possible existence of an alleged prior will. SCPA 1403 (subd 1, par [c]) confers standing upon certain parties named in an earlier will, but omitted from a later instrument offered for probate. However, this issue has not been presented in the instant pleadings before the court.
Accordingly, the motion is denied, with costs awarded to respondent.